PASSAIC FALLS THROWING CO. v. VILLENEUVE–POHL CORPORATION
et al. (No. 7708.)

(Supreme Court, Appellate Division, First Department.   November 12, 1915.)

1. TROVER AND CONVERSION ⟨⟩3—DEPRIVATION OF PROPERTY—UNAUTHORIZED
   ACT—WRONGFUL INTENT.
       Where defendant corporation, through the active aid of its vice presi-
   dent and business manager, converted raw silk belonging to plaintiff, it
   was liable, regardless of wrongful intent, since, to constitute a conversion,
   it was enough that plaintiff was deprived of property by the unauthorized
   act of defendant.
       [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§
   21–24;  Dec. Dig. ⟨⟩3.]

2. CORPORATIONS ⟨⟩306—TORTS BY OFFICERS—PERSONAL LIABILITY—CONVER-
   SION.
       The participation of the two officers in obtaining and converting the
   silk to the use of the corporation rendered them liable as joint tort-fea-
   sors;  it being no defense to the servant or agent that he commits a conver-
   sion in pursuance of his employment for the benefit of the master or prin-
   cipal.
       [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1457, 1458;
   Dec. Dig. ⟨⟩306.]

3. TROVER AND CONVERSION ⟨⟩3—CONVERSION BY SERVANT OR AGENT—BONA
   FIDES—EFFECT.
       A servant who interferes with personal property acts at his peril, and
   is not excused from a conversion by the fact that he acted on the bona fide
   belief that the property belonged to his master.
       [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§
   21–24;  Dec. Dig. ⟨⟩3.]

   Ingraham, P. J., dissenting in part.

Appeal from Trial Term, New York County.

Action by the Passaic Falls Throwing Company against the Ville-
neuve-Pohl Corporation and others.   From a judgment for plaintiff,
defendants appeal.   Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Ferguson & Ferguson, of New York City (Leslie C. Ferguson, of
New York City, of counsel), for appellants.

Hedley V. Cooke, of New York City (Harold E. Lippincott, of New
York City, of counsel, and Henry Hoelljes, of New York City, on the
brief), for respondent.

CLARKE, J.   The plaintiff, a corporation engaged in the business
of throwing or spinning yarn from raw silk, had the possession of
certain bales of raw silk.   The defendant corporation, with the active
aid of the defendants Pohl and Friedlander, unlawfully obtained said
silk and converted it to its own use.   The appeal is from a judgment
entered upon a directed verdict against the defendant corporation, its
president, Angelo De Villeneuve, and said Pohl and Friedlander, its
vice president and business manager.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The proof fully sustains the judgment against the defendant corporation. In Boyce v. Brockway, 31 N. Y. 490, the court said:

"The law on this subject is well settled. 'The proof,' says Brown, J., in Cobb v. Dows, 9 Barb. 242, 'need not show a tortious taking, or that the defendants acted in bad faith. If it should appear that they obtained the goods fairly from a person whom they had reason to think was the true owner, or if they acted under a mistake as to the plaintiffs' title, or under an honest, but mistaken, belief that the property was their own, they would still be liable to plaintiffs, if their acts in regard to it amount to a conversion. If they have taken it into their own hands, or disposed of it to others, or exercised any dominion over it whatever, they are guilty of a conversion, and their liability to plaintiffs is established.' This exposition of the law is fully sustained by the authorities [citing cases]. A wrongful intent is not an essential element of the conversion. It is enough in this action that the rightful owner has been deprived of his property by some unauthorized act of another assuming dominion or control over it."

[2, 3] So far as the defendants Pohl and Friedlander are concerned, as officers and agents of the defendant corporation they participated in obtaining the possession of the property from the plaintiff and in converting it and the proceeds thereof to the use of the defendant. They were therefore joint tort-feasors. Every person is liable who personally or by agent commits an act of conversion, or who participates by instigating, aiding, or assisting another. An agent or servant who converts the property of a third person is liable for such conversion, and it is no defense if his acts were committed in pursuance to his employment or for the benefit of his principal or master, though the servant or agent acted under a bona fide belief that his master or principal was the owner of the property and in ignorance of the true owner's rights, since one who interferes with personal property must at his peril see that he is protected by authority of the true owner. The judgment was therefore rightly entered against Pohl and Friedlander. There is no satisfactory evidence, however, to show any personal participation by the defendant De Villeneuve in the transaction.

It therefore follows that the judgment against him should be reversed, and the complaint dismissed, and as to the remaining defendants affirmed, with costs to the respondent. Settle order on notice.

McLAUGHLIN, LAUGHLIN, and SCOTT, JJ., concur.

INGRAHAM, P. J. (dissenting in part). I concur in the affirmance of this judgment against the defendant Villeneuve-Pohl Corporation. The action is for conversion of certain bales of silk, the property of the plaintiff. These bales of silk were delivered to the defendant corporation, with the assent of the president of the plaintiff corporation, and in discharge of a claim made against the plaintiff corporation by the officers of the defendant corporation, arising out of the transfer of other bales of silk by the defendant corporation to the president of the defendant corporation. As I read this testimony I do not think that merely taking possession of these bales of silk with the assent of the plaintiff's president was a conversion. The bales of silk, however, being in the possession of the defendant corporation, when the plaintiff, by its proper officers, made demand for the return of these

bales of silk, and that was refused by the defendant corporation,. there was I think a conversion, as the bales of silk were the property of the plaintiff, to the possession of which they were entitled, which was sufficient to sustain the action.

I do not think, however, that the connection of the individual defendants with the transaction justified a verdict against them. They never had individual possession of this silk. At their request or demand the silk was shipped from the place of business of the plaintiff corporation to the defendant corporation. They were acting merely to protect the corporation of which they were the officers or employés, had no personal interest in the transaction, had no personal possession of the silk, and were not, as I view it, so connected with the transaction as to make them liable in conversion.

I therefore dissent as to the affirmance of the judgment against the individual defendants.