Owes McGivern, J.
The plaintiff herein moves for partial summary judgment against the defendant bank in the sum of $115,000. The defendant bank cross-moves for summary judgment dismissing the complaint. Both motions are denied.
The plaintiff’s complaint is framed on two causes of action, the first for damages arising out of the bank’s alleged violation of an injunction of this court, the second out of the bank’s alleged negligence and participation in conversion.
The plaintiff is the son and administrator of the estate of Kebie L. Allen, deceased; the latter, when alive, married Salvatoro L. Mauceli on December 1, 1959, and on December 3, 1959 transferred to him valuable gifts, the proceeds of which are still at issue. On March 18, I960, the son and daughter of the decedent instituted a proceeding to have her declared an incompetent, and on that very day obtained a restraining order, which, so far as material, provided: “ further ordered that Salvatore L. Mauceli and the said Langmead-Allen Corporation, their agents, attorneys or representative be and they hereby are restrained from receiving property from the alleged incompetent Rcbie L. Allen without adequate consideration and from selling, assigning, disposing of or encumbering any property in the hands of or acquired from the said alleged incompetent ”.
Six days later, a copy of this order was mailed to the defendant’s branch, where Mauceli and the Langmead corporation maintained accounts. It is the plaintiff’s grievance that this order was not honored by the defendant bank.
Subsequently, and on June 28, 1961, the decedent was adjudicated an incompetent. On February 19, 1962, her marriage to Mauceli was annulled, and on December 21, 1962 she died.
It is the view of this court that there was no prior determination binding upon defendant herein of incompetency at the time of the alleged gifts to Mauceli and, absent this, it cannot be found, on this submission, that the gifts were invalid because of insanity of the deceased. Therefore, there is no basis for a present determination that decedent’s estate was caused to suffer monetary loss because of the bank’s disregard of the injunctive order. Absent also a finding that the challenged gifts were invalid, it cannot be summarily determined there was a breach of duty on the part of the bank, owing to the decedent.
*516 Neither the adjudication of the decedent’s incompetency, occurring after the date of the gifts, nor the subsequent annulment of the marriage, permits a conclusion of incompetency on the date the gifts were made.
As for the restraining order, assuming the applicability of subdivision 5 of section 134 of the Banking Law to the circumstances here prevailing, the defendant bank’s complete reliance upon it as a basis for its cross motion is unfounded because the bank was served with a restraining order effective at least “ against said bank ” as agent. The statute does not immunize a bank from liability for conduct which might constitute negligence or conversion. Certainly, the mere failure of the restraining order to mention the bank literally or by its corporate name docs not permit it to ignore the order with impunity. Nor can it be said as a matter of law, under the circumstances here prevailing, that the conduct of the bank was such as to free it from liability for consequential damage that would flow from an ultimate finding that the gifts to Mauceli were invalid because of the challenged competency of decedent at the time of the alleged gifts. (See Newton Jackson Co. v. Barclays Bank, 133 N. Y. S. 2d 726; Matter of Sumitomo Shoji N. Y. v. Chemical Bank N. Y. Trust Co., 47 Misc 2d 741, affd. 25 A D 2d 499; Brown v. Morgan & Co., 177 Misc. 626; Passaic Falls Throwing Co. v. Villeneuve-Pohl Corp., 169 App. Div. 727.)
Accordingly, the motions are denied and the case remanded for trial.