■ Judson L. Leve, Appellant-Respondent, v C. Itoh & Co. (America), Inc., et al., Defendants; Standard Chartered Bank, Limited, Respondent; Harvey A. Leve, Appellant-Respondent, and William H. Quasha, Doing Business as Quasha Law Office, et al., Respondents-Appellants.—Judgment, Supreme Court, New York County (Andrew R. Tyler, J.), entered October 22, 1986, which, *inter alia,* determined that Quasha Law Office, Ltd. (Quasha) is the sole owner of the interpleader funds on deposit in a bank account in the name of plaintiff Judson L. Leve; ordered plaintiff to execute and deliver all documents necessary to transfer said funds to Quasha; adjudged that Quasha recover from defendant Harvey A. Leve, on its second cross claim, $115,000 with interest from June 27, 1977 and $137,487.52 in legal expenses plus interest from July 2, 1985, such sums totaling $351,563.73; and, decreed that the liability of Harvey A. Leve for the aforesaid sum be offset and discharged by an amount equal to the amount of the inter-

pleader funds transferred to Quasha, unanimously modified, on the law, to the extent of ordering that Quasha's recovery be against plaintiff Judson L. Leve and defendant Harvey A. Leve, jointly and severally, and that the interpleader funds transferred to Quasha be used only to offset and discharge the liability of Judson L. Leve and Harvey A. Leve for the sum of $115,000 together with interest from June 27, 1977 and, as so modified, the judgment is otherwise affirmed, without costs.

After a nonjury trial, Trial Term found that defendant Harvey A. Leve had converted $115,000 from his employer, Quasha; that his brother, plaintiff Judson L. Leve, had received the wrongfully taken funds; and, that under the circumstances, i.e., that Judson knew the funds that he was receiving, at the time he received them, to be the funds belonging to Quasha, he is chargeable with culpable knowledge of his brother's wrongful acts. These findings are amply supported by the record and establish Judson A. Leve's liability for conversion in that he participated, aided and assisted in his brother's misappropriation of Quasha's funds. A wrongful intent is not an essential element of the conversion. *(See, Passaic Falls Throwing Co. v Villeneuve-Pohl Corp.,* 169 App Div 727, 729; *Ahles v Aztec Enters.,* 120 AD2d 903, 904.)

Thus, even though Quasha's second cross claim for conversion was asserted against Harvey A. Leve alone, when later faced with conflicting proposed judgments, with supporting affidavits, one settled by Quasha imposing liability jointly and severally on the Leves and the other, settled by the Leves, imposing liability on Harvey A. Leve alone, the court should have conformed the pleadings to the trial evidence and entered judgment against the Leves, jointly and severally. *(See,* CPLR 3025 [c]; *Dampskibsselskabet Torm A/S v Thomas Paper Co.,* 26 AD2d 347, 352; *see also, Greene v Hellman,* 51 NY2d 197, 200, n 1.)

Likewise, where the court found that recovery of the converted funds alone would not be adequate to fully compensate Quasha, it should not have permitted the interpleader funds, which consisted of the $115,000 originally converted plus accumulated interest thereon, to be used to offset and discharge the additional award of legal expenses.

We have examined the other points raised on these cross appeals and find them unpersuasive. Concur—Kupferman, J. P., Sullivan, Ross and Asch, JJ.