■ LEE POKOIK, Appellant, v AGNES N. GITTENS et al., Respondents, et al., Defendants.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered November 6, 1989, which, *inter alia,* impliedly denied plaintiff's cross-motion for default judgment, or in the alternative, summary judgment against defendant Agnes N. Gittens, and denied plaintiff's cross-motion for summary judgment on the first, third and fourth causes of action in the complaint against defendants Walter and Maria Richardson, is unanimously modified, on the law, and plaintiff's cross-motion for a default judgment against defendant Gittens and partial summary judgment against defendants Walter and Maria Richardson granted with costs and disbursements payable by defendants. The appeals from the orders of the same court and Justice, entered January 2, 1990 and January 5, 1990, respectively, which both granted reargument but adhered to the prior decision, are dismissed as academic in view of the above disposition, with costs and disbursements payable by defendants.

Plaintiff instituted this action for damages against defendant Gittens, his former bookkeeper who had embezzled large sums of money from him, and against Maria and Walter Richardson, Gittens' daughter and son-in-law, as well as to impress a constructive trust and lien on real and personal property acquired with these funds. In response to plaintiff's cross-motion for default judgment, defendant Gittens submitted an affirmation by her attorney requesting leave to file a late answer. However, even assuming this could properly have been deemed a motion to vacate her default, defendant failed to offer either a reasonable excuse for the default or an affidavit establishing a meritorious defense. Consequently, plaintiff's motion for default judgment against defendant Gittens should have been granted *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905).

The record before the IAS court, including the forged and misdirected checks, the charge account statements of Gittens and Walter Richardson to which many of the stolen checks were applied, the payments to the Skin Care Clinic shown in

those statements and the documentary evidence of Maria Richardson's involvement in the Skin Care Clinic, conclusively established the diversion of plaintiff's funds by Gittens, the conversion by Gittens and the Richardsons of these funds and as a consequence, their unjust enrichment. While the Richardsons pleaded total, or at least partial, lack of knowledge of the source of the funds, a cause of action for conversion need not allege or prove a tortious taking or even that defendants acted in bad faith. *(See, Leve v Itoh & Co.,* 136 AD2d 477, 478; *Passaic Falls Throwing Co. v Villeneuve-Pohl Corp.,* 169 App Div 727, 729.)* In any event, the record furnished by plaintiff upon the motion established, without controverting evidence from defendants, the liability of Gittens and the participation of Maria and Walter Richardson in the conversion of plaintiff's property. Since defendants failed to show the existence of actual and material facts sufficient to create a triable issue, their bare allegations were insufficient to defeat plaintiff's motion for summary judgment.

The IAS court denied plaintiff's motion for summary judgment "in light of the early stage of this proceeding". However, summary judgment is designed to winnow out causes and defenses without merit precisely in the "early stage" of an action. Moreover, defendant did not show that "facts essential to justify opposition [to the cross-motion] may exist but cannot then be stated" (CPLR 3212 [f]). "To speculate that something might be caught on a fishing expedition provides no basis to postpone decision on the summary judgment motions under the authority of CPLR 3212 (subd [f])" *(Auerbach v Bennett,* 47 NY2d 619, 636). Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.