■ JEFFREY R. BERGIDA, Appellant, v JEFFREY P. WASSEN, Respondent.—Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 18, 1991, which denied plaintiff's motion pursuant to CPLR 3215 (a) for an order directing entry of a default judgment and an assessment, and granted defendant's cross-motion pursuant to CPLR 3012 (d) compelling plaintiff to accept late service of his answer upon payment of $250 by defendant individually to plaintiff's attorney, unanimously affirmed, without costs.

Defendant offered both a reasonable excuse for his delay in serving his answer and a meritorious defense to the action (see, Pokoik v Gittens, 171 AD2d 470). It is evident that defendant's default was not deliberate, and that he moved promptly to vacate the alleged default. Further, the delay in answering did not prejudice plaintiff (see, Bermudez v City of New York, 22 AD2d 865). Lastly, "[w]hile defendant's opposition papers did not include an affidavit of merits, the verified answer can be considered in determining whether a meritorious defense exists" (Meyer v Rose, 160 AD2d 565). Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.

(October 30, 1992)

■ In the Matter of EDWARD L. KOESTER et al., Appellants, v KATHLEEN WAGNER et al., Constituting the Board of Elections in the City of New York, et al., Respondents. In the Matter of DONNA M. MILLS et al., Respondents, v EDWARD L. KOESTER et al., Appellants.—Judgment, Supreme Court, Bronx County (Fred W. Eggert, J.), entered on October 28, 1992, is unanimously affirmed, without costs or disbursements. As the parties conceded on oral argument, the critical issue herein is whether the certificate of substitution was timely filed in accordance with the Election Law. Clearly, the ten-day provision of section 6-158 of the Election Law applies, to be measured from the last day to file a declination. That requirement was met. No opinion. Concur—Sullivan, J. P., Rosenberger, Ellerin and Kassal, JJ.