■ DEPEW DEVELOPMENT, INC., Respondent, v AT & A TRUCKING CORP., Appellant. [621 NYS2d 242] —Order and judgment unanimously reversed on the law with costs, motion denied, cross motion granted and complaint dismissed. Memorandum: Supreme Court should have denied plaintiff's motion and granted defendant's cross motion for summary judgment on the ground that defendant was a holder in due course of plaintiff's checks. Plaintiff commenced this action to recover the face amount of unauthorized checks written on its account

and made payable to defendant. The checks were forged by the parties' mutual accountant. A holder in due course is defined by UCC 3-302 (1) as "a holder who takes the instrument (a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person". It is undisputed that the checks were negotiable instruments taken by defendant in good faith and for value, i.e., repayment of a loan to its accountant. Moreover, defendant became a holder of the checks when the accountant deposited them directly into defendant's bank account (see, UCC 4-201; see generally, Crossland Sav. v Foxwood & S. Co., 202 AD2d 544; Corporacion Venezolana de Fomento v Vintero Sales Corp., 452 F Supp 1108, remanded 607 F2d 994).

Furthermore, defendant took the instruments without notice of plaintiff's claim. To constitute notice of a claim or defense, "the purchaser must have knowledge of the claim or defense or knowledge of such facts that his action in taking the instrument amounts to bad faith" (UCC 3-304 [7]). The notice requirement entails actual notice of a defense or facts (see, Chemical Bank v Haskell, 51 NY2d 85, rearg denied 51 NY2d 1009; see also, Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d 153, 162-163). Here, defendant did not have actual knowledge of the accountant's ongoing forgery of plaintiff's checks. The use of two of plaintiff's checks to pay the accountant's personal indebtedness to defendant is insufficient to place defendant on notice (see, Hartford Acc. & Indem. Co. v American Express Co., supra, at 163; see also, Gino's of Capri v Chemical Bank, 187 AD2d 71, 73; Admaster, Inc. v Merrill Lynch, Pierce, Fenner & Smith, 183 AD2d 477, lv denied 80 NY2d 757). Thus, as between plaintiff and defendant, the loss should be placed on plaintiff, whose inattention allowed its accountant to misappropriate funds, undetected, for several years (see, Hartford Acc. & Indem. Co. v American Express Co., supra, at 165). (Appeal from Order and Judgment of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Davis, JJ.