■ JULES HOFFMAN, Respondent-Appellant, v CHERYL UNTERBERG et al., Appellants-Respondents. [780 NYS2d 617]—

In an action, inter alia, to recover damages for conversion, the defendants appeal from an order of the Supreme Court, Queens County (Dye, J.), dated July 17, 2003, which denied their motion to dismiss the second amended complaint, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were to dismiss the fourth cause of action asserted against the defendant Alayne Real Estate, Inc., the sixth cause of action asserted against all of the defendants, and the seventh cause of action insofar as asserted against the defendants David Unterberg and Alayne Real Estate, Inc., and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff is the father of the defendant Cheryl Unterberg, who is married to the defendant David Unterberg. Before her death, Seva Hoffman, who was the plaintiff's wife and Cheryl Unterberg's mother, was the owner of Setam Realty Associates, LLC (hereinafter Setam), a limited liability company that owns unsold condominium units in a building in Queens. Seva Hoffman retained the defendant Alayne Real Estate, Inc. (hereinafter Alayne), a real estate management company owned by David Unterberg, to manage Setam and other properties.

As part of her estate planning, Seva Hoffman transferred a 49% interest in Setam to Cheryl Unterberg in 1995. Pursuant to a written agreement, she granted Cheryl Unterberg an option to purchase an additional 26% of Setam (hereinafter the 26% option). On January 16, 1996, Seva Hoffman and Cheryl Unterberg signed another agreement granting Cheryl Unterberg an option to purchase 24% of Setam (hereinafter the 24% option). Seva Hoffman made similar arrangements with her other children with respect to additional real estate holdings.

Seva Hoffman died unexpectedly in April 1996 before Cheryl Unterberg exercised the options. However, in accordance with a trust agreement and Seva Hoffman's will, Cheryl Unterberg inherited the remainder of Seva Hoffman's interest in Setam. For tax purposes, Cheryl Unterberg renounced her inheritance except for a 1% interest in the company. Consequently, the plaintiff and Cheryl Unterberg each became the owner of 50% of Setam until Cheryl Unterberg exercised the 26% option in March 1998, making her the owner of 76% of the company. On September 13, 1999, Cheryl Unterberg notified the plaintiff in writing of her election to exercise the 24% option. By letter dated November 18, 1999, the plaintiff rejected Cheryl Unterberg's exercise of that option, claiming that he had previously withdrawn the 24% option. He returned a promissory note which she had given in payment.

The plaintiff subsequently commenced this action against Cheryl Unterberg, David Unterberg, and Alayne. In his second amended complaint, he asserted seven causes of action seeking, inter alia, damages for conversion and breach of the Setam operating agreement, and a judgment declaring, among other things, that the 24% option was invalid. The first six causes of action are based on allegations that the plaintiff did not receive the distributions due him pursuant to the Setam operating agreement and that the defendants misappropriated Setam's funds. The seventh cause of action for a declaratory judgment alleges that the 24% option was invalid because it was a forgery. The seventh cause of action alleges in the alternative that the option was revoked and, in any event, the terms proposed by Cheryl Unterberg when she exercised the option were not reasonable. The defendants moved to dismiss the second amended complaint on numerous grounds. The Supreme Court denied the motion.

Contrary to the defendants' contention, the allegations in the second amended complaint, considered together with the plaintiff's affidavit submitted in opposition to the motion (*see Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]), sufficiently

state causes of action against Cheryl Unterberg and David Unterberg for conversion. Conversion is the unauthorized exercise of dominion or control over specifically identified property which interferes with the owner's rights (*see Gilman v Abagnale*, 235 AD2d 989, 991 [1997]; *Republic of Haiti v Duvalier*, 211 AD2d 379, 384 [1995]). Money may be the subject of conversion if it is specifically identifiable and there is an obligation to return it or treat it in a particular manner (*see Republic of Haiti v Duvalier, supra* at 384). When funds are provided for a particular purpose, the use of those funds for an unauthorized purpose constitutes conversion (*see Meese v Miller*, 79 AD2d 237, 243 [1981]). Further, where possession of the property is initially lawful, conversion occurs when there is a refusal to return the property after a demand (*see Matter of White v City of Mount Vernon*, 221 AD2d 345, 346 [1995]).

The plaintiff alleges that Cheryl Unterberg and David Unterberg misappropriated the distributions to which the plaintiff was entitled as an owner of Setam. Although the plaintiff concedes that he initially loaned a portion of his distributions to the Unterbergs for a specific purpose, he claims that the money was used for an unauthorized purpose and that they have refused to return the money upon his demand. Assuming the allegations to be true, and affording the plaintiff every favorable inference (*see Schneider v Hand*, 296 AD2d 454 [2002]), he has sufficiently pleaded causes of action to recover damages for conversion (*see Hinkle Iron Co. v Kohn*, 229 NY 179 [1920]; *Key Bank of N.Y. v Grossi*, 227 AD2d 841 [1996]; *Republic of Haiti v Duvalier, supra; Meese v Miller, supra*). Consequently, the Supreme Court properly declined to dismiss the first and third causes of action.

However, the Supreme Court should have dismissed the fourth cause of action, which is asserted solely against Alayne. In that cause of action, the plaintiff alleges, in effect, that Alayne breached its management agreement with Setam by making distributions solely to Cheryl Unterberg. The plaintiff cannot sue to recover damages for breach of contract because he is not a party to Alayne's management agreement (*see Blank v Noumair*, 239 AD2d 534 [1997]). Contrary to the plaintiff's contention, the fourth cause of action clearly alleges a breach of contract and not conversion.

The Supreme Court also should have dismissed the sixth cause of action, which alleges that the defendants diverted and misappropriated funds belonging to Setam. Setam is not a party to this action and the plaintiff, an alleged owner/member of a limited liability company, does not have the right to bring a de-

rivative action on behalf of the company (*see* Rich, Practice Commentaries, McKinney's Cons Laws of NY, Book 32A, Limited Liability Company Law, 2004 Supp Pamph, at 7).

The Supreme Court should have dismissed the seventh cause of action insofar as asserted against David Unterberg and Alayne. David Unterberg and Alayne have no ownership interest in Setam. Only the rights of the plaintiff and Cheryl Unterberg are at issue in that cause of action (*see Nasa Auto Supplies v 319 Main St. Corp.*, 133 AD2d 265 [1987]).

The defendants' remaining contentions either are without merit or unnecessary to address in light of the foregoing. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.