# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**725**
**CA 14-02184**
PRESENT: CENTRA, J.P., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

SIMPSON & SIMPSON, PLLC, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

LIPPES MATHIAS WEXLER FRIEDMAN LLP, GERALD S.
LIPPES, WILLIAM E. MATHIAS, II, AND SCOTT E.
FRIEDMAN, DEFENDANTS-RESPONDENTS.

---

LAW OFFICES OF LARRY KERMAN, TONAWANDA (LARRY KERMAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

CONNORS & VILARDO, LLP, BUFFALO (TERRENCE M. CONNORS OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered June 24, 2014.  The order granted defendants'
motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
and the first and second causes of action are reinstated.

Memorandum:  Defendants, a law firm and its three managing
partners, formerly employed a lead bookkeeper and business manager
(hereafter, employee) from May 2000 until February 2008, when the
employee resigned.  Thereafter, the employee began to work in a
similar position for plaintiff.  Approximately one year following her
resignation from defendant law firm, defendants discovered that the
employee had embezzled over $270,000 from defendant law firm's bank
accounts.  After that discovery, one of the defendant managing
partners contacted the employee at plaintiff, and she admitted the
theft and executed a promissory note requiring payment in the full
amount of the embezzled funds.  The employee thereafter embezzled
money from plaintiff in order to pay defendants' promissory note.
When plaintiff discovered that defendants were the recipients of funds
embezzled from plaintiff, plaintiff demanded defendants return the
funds, but defendants refused to return the full amount demanded.
Plaintiff commenced this action asserting causes of action for
conversion, unjust enrichment and intentional infliction of emotional
distress, seeking judgment "of not less than $210,000."  Prior to the
motion at issue in this appeal, defendants moved separately to dismiss
the complaint and for summary judgment dismissing the complaint.
Supreme Court granted defendants' motion to dismiss in part and
dismissed the third cause of action, for intentional infliction of

emotional distress, and denied the summary judgment motion.  Following depositions, the court granted defendants' successive motion for summary judgment dismissing the remaining causes of action.  Plaintiff appeals from the order granting the successive motion, and we reverse.

Contrary to plaintiff's contention, the court properly entertained defendants' successive motion for summary judgment.  Although "multiple summary judgment motions should be discouraged in the absence of newly discovered evidence or sufficient cause[,]" we conclude that there was "sufficient cause" for defendants' present motion made after depositions were conducted (*Welch Foods v Wilson*, 277 AD2d 882, 883; *see Taillie v Rochester Gas & Elec. Corp.*, 68 AD3d 1808, 1809-1810).

We agree with plaintiff that the court erred in granting defendants' motion for summary judgment dismissing the complaint.  With respect to the cause of action for conversion, we agree with plaintiff that the court erred in determining that the commingling of the embezzled funds in the employee's joint checking account precluded a cause of action for conversion.  "Money, if specifically identifiable, may be the subject of a conversion action" (*Peters Griffin Woodward, Inc. v WCSC, Inc.*, 88 AD2d 883, 884).  Upon our review of the record, we conclude that here the embezzled funds are sufficiently identifiable and traceable to sustain a cause of action for conversion (*see Lenczycki v Shearson Lehman Hutton*, 238 AD2d 248, 248, *lv dismissed in part and denied in part* 91 NY2d 918; *Republic of Haiti v Duvalier*, 211 AD2d 379, 384-385; *Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124-125, *lv denied* 77 NY2d 803; *cf. Heckl v Walsh* [appeal No. 2], 122 AD3d 1252, 1254).

We further conclude that there are issues of fact precluding summary judgment on the conversion cause of action.  "Conversion is an unauthorized assumption and exercise of the right of ownership over [personal property] belonging to another to the exclusion of the owner's rights" (*Peters Griffin Woodward, Inc*., 88 AD2d at 883; *see* 2A NY PJI 3:10-3:11, at 111-132 [2015]).  Defendants disavow any knowledge, however, of the illicit nature of the funds that the employee used to repay them and thus, they claim that they had no knowledge that the funds they received from the employee belonged to plaintiff.  We nevertheless conclude that, given the unique facts of this case, there are issues of fact with respect to defendants' knowledge of the employee's embezzlement from plaintiff, despite defendants' disavowal.  We conclude that the circumstances known to defendants were so "obviously suspicious that no honest person (not just a reasonably prudent person) could turn a blind eye thereto," thus requiring defendants to investigate (*MCC Proceeds v Advest, Inc.*, 293 AD2d 331, 334-335, *lv denied* 98 NY2d 613; *see Leve v Itoh & Co. (Am.)*, 136 AD2d 477, 478, *lv denied* 71 NY2d 806; *cf. Lenczycki*, 238 AD2d at 248; *see generally Hartford Ins. Co. v General Acc. Group Ins. Co.*, 177 AD2d 1046, 1046-1047).

We further conclude that there are triable issues of fact whether, even if defendants lacked knowledge that the funds they received were stolen by the employee, defendants converted plaintiff's

funds when they refused to return them upon plaintiff's demand. "Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand" by the property's rightful owner (*Johnson v Gumer*, 94 AD2d 955, 955).  On the record before us, we conclude that there are triable issues of fact whether defendants improperly refused to return the funds once plaintiff informed defendants that the funds had been stolen by the employee and demanded their return.  Defendants asserted a claim of right defense by claiming that defendant law firm is a "holder in due course," i.e., that it accepted the personal checks from the employee " 'for value . . . in good faith . . . without notice . . . of any defense against or claim to [them] on the part of any other person' " (*Depew Dev. v AT & A Trucking Corp*., 210 AD2d 974, 975; *see* UCC 3-302).  We conclude that there are triable issues of fact whether defendant law firm parted with value in exchange for the checks and whether defendant law firm accepted the checks in good faith.

Finally, we also agree with plaintiffs that the court erred in dismissing the cause of action for unjust enrichment on the basis that it dismissed the cause of action for conversion.  Unjust enrichment " 'is an obligation [that] the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one [party] money . . . under such circumstances that in equity and good conscience [the party] ought not to retain it' " (*Manufacturers Hanover Trust Co.*, 160 AD2d at 117, quoting *Miller v Schloss*, 218 NY 400, 407).  "Unjust enrichment . . . does not require the performance of any wrongful act by the one[s] enriched . . . [, and even i]nnocent parties may frequently be unjustly enriched" (*Simonds v Simonds*, 45 NY2d 233, 242).  Although the equitable cause of action for unjust enrichment is closely related to the cause of action for conversion based on wrongful detention of property after demand for its return by the rightful owner (*see Pokoik v Gittens*, 171 AD2d 470, 471), it is nevertheless a separate cause of action from the cause of action for conversion (*see e.g. Citipostal, Inc. v Unistar Leasing*, 283 AD2d 916, 918-919).

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court