■ RICHARD PETRONE, Individually and as Custodial Parent and Legal Guardian of RICHARD PETRONE and Others, Respondent, v DAVIDOFF HUTCHER & CITRON, LLP, Appellant. [54 NYS3d 25]—

In an action to recover damages for conversion, the defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered January 21, 2016, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff commenced this action to recover damages for conversion. He alleged in the verified complaint that the defendant, a law firm, represented his estranged wife, nonparty Mary Petrone, in a matrimonial action. As part of that action, Mary Petrone deposited the sum of $154,735.20 into an escrow account held by the defendant. The defendant was to hold those funds "merely [as] an escrow agent and/or custodian." Thereafter, Mary Petrone terminated the defendant as her counsel. The complaint alleged that $100,000 of the funds deposited into the escrow account constituted monies belonging to the Petrones' four children that had been gifted to the children by their great aunt, and were to be held by their parents, as guardians. The complaint further alleged that Mary Petrone informed the plaintiff and the justice presiding over the matrimonial litigation that the money deposited in the escrow account included the children's funds, and that she demanded that the defendant return those funds. In August 2014, the defendant obtained a default judgment against Mary Petrone for unpaid legal fees. It thereafter removed funds from the subject escrow account and applied those funds to its default judgment against Mary Petrone. The plaintiff demanded that the defendant return the children's funds, and the defendant refused.

The plaintiff alleged in the complaint that the defendant did not represent the children in the matrimonial action, did not have the right to convert the children's money to satisfy a debt owed by Mary Petrone, and "intentionally interfered with the children's right to the funds by exercising dominion and control over the funds, thereby depriving the children of possession or use of the funds." The defendant moved pre-answer to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7). The Supreme Court denied the motion, and the defendant appeals.

In deciding a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must give the pleading a liberal construction, accept all of the facts alleged in the pleading to be true, and accord the plaintiff the benefit of every possible favorable inference in determining whether the allegations fit any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*C & B Enters. USA, LLC v Koegel*, 136 AD3d 957, 958 [2016] [internal quotation marks omitted]; *see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]). "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's right" (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d at 50 [citations omitted]). "Money, if specifically identifiable, may be the subject of a conversion action" (*Simpson & Simpson, PLLC v Lippes Mathias Wexler Friedman LLP*, 130 AD3d 1543, 1544-1545 [2015] [internal quotation marks omitted]; *see East Schodack Fire Co., Inc. v Milkewicz*, 140 AD3d 1255, 1256 [2016]; *Hoffman v Unterberg*, 9 AD3d 386, 388 [2004]; *Peters Griffin Woodward, Inc. v WCSC, Inc.*, 88 AD2d 883, 884 [1982]; *Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]). "[C]onversion occurs when funds designated for a particular purpose are used for an unauthorized purpose" (*East Schodack Fire Co., Inc. v Milkewicz*, 140 AD3d at 1256, quoting *Lemle v Lemle*, 92 AD3d 494, 497 [2012]; *see Hoffman v Unterberg*, 9 AD3d at 388; *Meese v Miller*, 79 AD2d 237, 243 [1981]).

Here, the complaint sufficiently alleges that the specific $100,000 fund was designated for the benefit of the children, and that it was, in effect, used by the defendant, who held such funds merely as an escrowee or custodian, for the payment of

legal fees that were Mary Petrone's obligation to pay. Contrary to the defendant's contention, the fact that the children's funds were commingled with other money in the escrow account does not preclude a cause of action for conversion (*see Simpson & Simpson, PLLC v Lippes Mathias Wexler Friedman LLP*, 130 AD3d at 1544-1545).

Contrary to the defendant's contention, a transcript of court proceedings and affidavits it submitted in support of its motion did not constitute "documentary evidence" within the meaning of CPLR 3211 (a) (1) (*Anderson v Armentano*, 139 AD3d 769, 771 [2016]; *see Eisner v Cusumano Constr., Inc.*, 132 AD3d 940, 941-942 [2015]; *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713 [2012]). While a "wire transfer notification" showing that on July 19, 2013, funds in the amount of $154,735.25 were wired to the defendant from nonparties Mary T. McNally and Jacqueline D. Mendoza, did constitute documentary evidence, that evidence did not utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*see* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d 923, 924-925 [2014]).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint. Mastro, J.P., Chambers, Miller and Barros, JJ., concur.