Grocery Delivery E-Servs. USA, Inc. v Flynn (2022 NY Slip Op 00500)





Grocery Delivery E-Servs. USA, Inc. v Flynn


2022 NY Slip Op 00500


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 655837/20 Appeal No. 15174 Case No. 2021-02153 

[*1]Grocery Delivery E-Services USA, Inc. Doing Business as HelloFresh, Plaintiff-Respondent,
v
John P. Flynn Also Known as "Jack Flynn", Defendant-Appellant.


Handel & Carlini, LLP, Poughkeepsie (Anthony C. Carlini, Jr. of counsel), for appellant.
Lupkin PLLC, New York (Michael B. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Margaret Chan, J.), entered on or about June 3, 2021, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, with costs.
Plaintiff entered into an agreement in December 2017 with nonparty Mariner Seafood, LLC, under which Mariner would supply salmon to it. Defendant is Mariner's manager, president, and, until October 13, 2020, sole principal. Mariner also agreed to carry product recall insurance and to name plaintiff as an additional insured under the policy. Mariner obtained the policy, but did not name plaintiff as an additional insured.
In November 2018, Mariner informed plaintiff of a listeria contamination of its products, causing plaintiff to recall more than 32,000 units. As a result, plaintiff sustained more than $500,000 in losses. Defendant asked plaintiff to forward its loss claim to Mariner's insurance company, which it did, and the insurance company paid Mariner on the claim, but Mariner never paid plaintiff. Based on allegations that defendant converted the insurance proceeds either individually or on behalf of Mariner, plaintiff brought an action against Mariner in February 2020 for breach of contract and conversion. Mariner defaulted, and on September 14, 2020, it filed a Chapter 11 bankruptcy proceeding. Shortly thereafter, plaintiff commenced this action against defendant for conversion.
The complaint states a cause of action for conversion by alleging that the proceeds paid by the insurance company to Mariner for plaintiff's claim constitutes a specific, identifiable fund, that plaintiff has a superior right of possession to the fund, and that defendant interfered with plaintiff's right of possession (see Lucker v Bayside Cemetery, 114 AD3d 162, 174 [1st Dept 2013], lv denied 24 NY3d 901 [2014]). Plaintiff's superior right of possession is based not on Mariner's contractual obligation to make it whole following its recall losses (see e.g. Lynn v Maida, 170 AD3d 573, 574 [1st Dept 2019]; M.D. Carlisle Realty Corp. v Owners & Tenants Elec. Co. Inc., 47 AD3d 408, 409 [1st Dept 2008]) but on the equitable lien it has over the insurance proceeds to the extent of its loss claim due to Mariner's failure to abide by its agreement to name plaintiff as an additional insured on the product recall insurance policy (see Rosario-Paolo, Inc. v C & M Pizza Rest., Inc., 84 NY2d 379, 383 [1994]). Mariner had a specific obligation to turn over that fund to plaintiff, and defendant had an obligation not to interfere with plaintiff's right to the fund (see Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776 [2d Dept 2017]).
Because plaintiff alleges that defendant took actions that brought about the conversion of its property, defendant may be subject to personal liability (Ingram v Machel & Jr. Auto Repair, 148 AD2d 324, 325 [1st Dept 1989], appeal dismissed 74 NY2d 792 [1989]). The commingling of the fund with Mariner's general corporate accounts [*2]does not render the conversion claim insufficient, because it was defendant and Mariner who commingled the funds (see Petrone, 150 AD3d at 777-778). Nor is plaintiff's conversion claim against defendant duplicative of its breach of contract claim against Mariner.
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022