Blumenfeld v Smith
2026 NY Slip Op 03225
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Alan Blumenfeld etc., et al., Plaintiffs-Respondents,
v
Jeffrey D. Smith et al., Defendants-Appellants, 104 West 29th Street LLC et al., Nominal Defendants.

Decided and Entered: May 21, 2026
Index No. 651069/24|Appeal No. 6703|Case No. 2024-07564|
Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Harris Beach Murtha Cullina PLLC, Dallas, TX (Brian D. Ginsberg of counsel), and Smith & Shapiro, New York (Harry Shapiro of counsel), for appellants.
Kurzman Eisenberg Corbin & Lever, LLP, White Plains (Fred D. Weinstein of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Melissa A. Crane, J.), entered November 12, 2024, which denied defendants' CPLR 3211 motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiffs are members of one or more nominal defendants in this action. The nominal defendants, either directly or indirectly, own and/or lease various commercial office, retail, and residential properties in New York County. Plaintiffs allege that defendants systematically misappropriated these entities' assets by, among other things, (1) diverting rental income earned by nominal defendants into accounts managed by defendant Smith Affiliates Mgmt. Corp. (SAMCO); (2) repeatedly advancing nominal defendants' funds as purported loans from SAMCO and permitting SAMCO to collect interest above prevailing market rates; (3) transferring funds to entities in which defendants held comparatively larger membership interests and using those funds for improper purposes; and (4) causing SAMCO to collect excessive fees and brokerage commissions from nominal defendants.
Based on these allegations, Supreme Court properly denied defendants' motion to dismiss the complaint asserting derivative claims on behalf of nominal defendants for conversion, breach of fiduciary duty, and an accounting. Regarding the conversion claim, derivative plaintiffs sufficiently alleged that defendants acted without authority to take control of property belonging to derivative plaintiffs to the exclusion of the owner's rights (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]; Lemle v Lemle, 92 AD3d 494, 497 [1st Dept 2012]). Although derivative plaintiffs' operating agreements permit defendant managing members to make loans, the Amended and Restated Limited Liability Company Agreement of derivative plaintiff 71 Fifth, LLC does not contain such language (see Colavito, 8 NY3d at 49). As for the other derivative plaintiffs, their conversion claims are not only based on loans but also allegations that defendants converted rental revenue that belonged to derivative plaintiffs.
Defendants contend that the conversion claims based on the transactions described in paragraph 72 of the complaint should have been dismissed because defendants demonstrated that those amounts were mistaken transfers and therefore, they did not intentionally assume or exercise control over those funds (see id.). This argument is unavailing. The documentary evidence such as bank statements show that transfers were made, but they do not show that the transfers were mistakes. Although defendants attempted to explain these transactions through the affirmation of defendant Jeffrey Smith, who is a managing member of nearly all of the nominal defendants, "an affirmation is not documentary evidence" and cannot provide the grounds upon which to grant a motion to dismiss under CPLR 3211(a)(1) (Mamoon v Dot Net Inc., 135 AD3d 656, 657 [1st Dept 2016]).
[*2]
The allegations in the complaint that defendants converted derivative plaintiffs' rental revenue constitute a sufficient identification of "a specific, identifiable fund" for the purposes of stating a claim for conversion (Family Health Mgt., LLC v Rohan Devs. LLC, 207 AD3d 136, 139 [1st Dept 2022] [internal quotation marks omitted]). The bank statements of various derivative plaintiffs identify specific sums as rent for a particular month. In addition, as in Lemle v Lemle (92 AD3d at 497), plaintiffs allege that defendants misused corporate funds.
There is similarly no basis to conclude that the conversion claims should be dismissed because the allegedly converted funds were commingled with other funds. As we have previously recognized, the commingling of funds does not necessarily bar a conversion claim if the funds in question otherwise remain specifically identifiable (see Family Health Mgt., 207 AD3d at 146-147; Grocery Delivery E-Servs. USA, Inc. v Flynn, 201 AD3d 585, 587 [1st Dept 2022]; see also LoPresti v Terwilliger, 126 F3d 34, 42 [2d Cir 1997] ["The fact that the employees' Union dues were not segregated, but instead placed in the Company's general account does not mean that those monies are not a 'specific identifiable thing' for purposes of imposing liability for conversion"]). Indeed, the analysis of whether the funds are "specifically identifiable" does not "turn on the nature of the account that received the funds (i.e., segregated or unsegregated), but instead on whether the money at issue was a specific sum" (Family Health Mgt., 207 AD3d at 142). In this case, and notwithstanding defendants' assertions to the contrary, plaintiffs have sufficiently pleaded specifically identifiable categories of funds that were misappropriated and commingled by defendants so as to survive dismissal (cf. Bangladesh Bank v Rizal Commercial Banking Corp., (226 AD3d 60, 86 [1st Dept 2024] [concluding that conversion claim was insufficiently pleaded where there was extensive comminglingly done by a third party as opposed to defendants]).
Turning to the breach of fiduciary duty claims, plaintiffs pleaded the claim with the particularity required by CPLR 3016(b). "The purpose of section 3016(b)'s pleading requirement is to inform a defendant with respect to the incidents complained of" (Sargiss v Magarelli, 12 NY3d 527, 530 [2009] [internal quotation marks omitted]). Here, plaintiffs sufficiently alleged, with particularity, that defendants owed fiduciary duties, breached those duties by misappropriating and diverting monies and assets for their own enrichment at the expense of nominal defendants, and caused damages as a result. No more was required under CPLR 3016(b). Nor did plaintiffs engage in improper group pleading against defendants (see Stewart Tit. Ins. Co. v Liberty Tit. Agency, LLC, 83 AD3d 532, 533 [1st Dept 2011]). Because we are not dismissing the fiduciary duty claims, there is likewise no basis to dismiss the accounting claims.
[*3]
The individual defendants' contention that the complaint must be dismissed as against them because Limited Liability Company Law § 609(a) expressly exempts members of an LLC from personal liability for a company's obligations is without merit. Plaintiffs do not seek to pierce the corporate veils of SAMCO and the nominal defendants. Rather, plaintiffs are suing the individual defendants for the latter's own tortious acts.
Finally, despite initially arguing in their motion that the conversion and breach of fiduciary duty claims are subject to a three-year limitations period, defendants conceded to the motion court during oral argument that the statute of limitations is six years for the derivative claims asserted in the complaint (see CPLR 213[7]; see also Homapour v Harounian, 182 AD3d 426, 427 [1st Dept 2020]). Defendants therefore explicitly abandoned their statute of limitations challenge before Supreme Court, rendering it unpreserved on appeal. Accordingly, we decline to consider their contention that a three-year statute of limitations applies to derivative claims asserted against SAMCO (see ID Beauty S.A.S. v Coty Inc. Headquarters, 164 AD3d 1186, 1186 [1st Dept 2018], citing Honique Accessories, Ltd. v S.J. Stile Assoc., Ltd., 67 AD3d 481, 482 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026