■ THOMAS CURRY et al., Respondents, v MICHAEL NOCKET et al., Appellants. — In an action for specific performance of a contract for the purchase and sale of real estate, defendants appeal from (1) an order of the Supreme Court, Nassau County (Murphy, J.), entered July 13, 1983, which treated their cross motion to dismiss the complaint as a motion for summary judgment, denied said cross motion for summary judgment, and granted summary judgment to the plaintiffs, (2) so much of an order of the same court, entered October 13, 1983, as denied defendants' motion which was, in effect, to renew its prior cross motion, and (3) so much of an order of the same court, entered December 20, 1983, which again denied defendants' motion which was, in effect, to renew its prior cross motion.

Order entered July 13, 1983 affirmed, and orders entered October 13, 1983 and December 20, 1983, respectively, affirmed, insofar as appealed from, without costs or disbursements.

Defendants' initial cross motion, which was initiated by notice of cross motion dated July 6, 1983, was designated as a "Motion for Order dismissing Complaint with prejudice for failure to state a cause of action". However, by (1) specifically requesting that the complaint be dismissed "with prejudice" and (2) submitting "evidentiary material" in support of their cross motion, it is clear that defendants desired their cross motion to be treated as one for summary judgment, and Special Term did not err in so treating it (*Kocsor v Eastland,* 44 AD2d 869; *De Filippo v White,* 101 AD2d 801; CPLR 3211, subd [c]). Moreover, CPLR 3212 (subd [b]) provides that "[i]f it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion" (see *Peoples Sav. Bank v County Dollar Corp.,* 43 AD2d 327, affd 35 NY2d 836; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). Accordingly, in view of defendants' cross motion for, in effect, summary judgment, Special Term was not precluded from granting summary judgment to plaintiffs even in the absence of a motion by plaintiffs for that relief. A review of the papers submitted in support of, and in opposition to, defendants' cross motion for summary judgment, indicates that no issue of fact existed therein and that pursuant to the applicable principles of law correctly set forth by Special Term, plaintiff buyers were entitled to specific performance of the subject contract for the sale of realty.

The two motions made by defendants subsequent to their initial cross motion for summary judgment were essentially motions to renew, since they contained additional material facts which existed at the time the initial motion was made, but were not made known to the court (*Barry v Good Samaritan Hosp.,* 86 AD2d 853, revd on other grounds 56 NY2d 921). However, the new facts could not properly be considered by Special Term since defendants "violated the rule prohibiting successive motions for summary judgment in the guise of motions to renew where the 'new' material could have been submitted with the original motion for summary judgment" (*Rose v La Joux,* 93 AD2d 817, 818). In any event, the new facts submitted by defendants, even if considered, would not alter our determination.

Accordingly, the motions to renew were properly denied. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.