■ CHRISTOPHER MANNING, Respondent, v ALLEN TURTEL et

al., Appellants.—In an action to recover damages for medical malpractice, conspiracy and fraud, defendant physicians appeal from an order of the Supreme Court, Nassau County (Christ, J.), dated January 29, 1985, which denied their motion pursuant to CPLR 3212 to dismiss the complaint on various grounds.

Order modified, on the law, by granting defendants' motion to the extent of dismissing the complaint as to defendant Turtel and dismissing the first and second causes of action as to defendant Shapiro. As so modified, order affirmed, without costs or disbursements.

It was error for Special Term not to dismiss the complaint against defendant Turtel for lack of personal jurisdiction (see, CPLR 308 [2]; *Feinstein v Bergner*, 48 NY2d 234; *Connell v Hayden*, 83 AD2d 30, 34-35). It was also error for the court not to dismiss the fraud and conspiracy causes of action as to defendant Shapiro. There is no substantive tort of conspiracy (see, *Green v Davies*, 182 NY 499; *Glaser v Kaplan*, 5 AD2d 829, *rearg denied* 5 AD2d 873). Further, on a motion pursuant to CPLR 3212, it was incumbent upon plaintiff to lay bare his proofs supporting the elements of fraud, and this he failed to do (see, *Masella v Leemilt's Flatbush Ave.*, 112 AD2d 1027; *Great Neck Car Care Center v Artpat Auto Repair Corp.*, 107 AD2d 658, *lv dismissed* 65 NY2d 897). On the other hand, Special Term committed no error in refusing to dismiss the malpractice cause of action on the ground of Statute of Limitations. This latter claim could properly be dismissed as time barred if Dr. Shapiro had acted at all times in an individual capacity. However, plaintiff argues that Dr. Shapiro is liable for Dr. Turtel's alleged malpractice performed on or about August 28, 1981. The record reveals a triable issue as to whether Dr. Shapiro was a member of a medical partnership with Dr. Turtel and thus liable for the acts of the partnership performed within the period of limitations (see, Partnership Law §§ 24, 25, 26; *Pedersen v Manitowoc Co.*, 25 NY2d 412, 419). The resolution of this issue must await trial. Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.