OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
This appeal, as limited by plaintiff’s brief, relates only to the first cause of action against defendant Barber for conspiracy to divert business opportunities, and to the fifth cause of action against Barber for interference with plaintiff’s claimed contract relationship with defendants Fritzen and Bikoff. It arises out of defendant Barber’s motion to dismiss under CPLR 3211 or, in the alternative, for summary judgment under CPLR 3212. We conclude that defendant Barber is entitled to summary judgment as to the first cause of action, notwithstanding that there is no affidavit from a person with knowledge of the facts, because no cause of action is stated.
The allegations of the first cause of action are not sufficient. It purports to allege a conspiracy but, as we long ago held, "a mere conspiracy to commit a [tort] is never of itself a cause of action” (Brackett v Griswold, 112 NY 454, 467; accord, Green v Davies, 182 NY 499; Manning v Beck, 129 NY 1, 11; Manning v Turtel, 115 AD2d 712). Allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort (Brackett v Griswold, supra; Danahy v Meese, 84 AD2d 670, 672). The claimed diversion of business opportunities if regarded as a claim for interference with prospective economic advantage is, however, insufficient because, although it alleges some 25 "overt acts,” it contains no allegation that Barber used improper means or acted solely for the purpose of injuring plaintiff Alexander & Alexander (hereafter A&A) (Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183; Brause v First Natl. Real Estate Trust, 26 NY2d 737, affg 25 AD2d 624; Union Car Adv. v Collier, 263 NY 386; see, 2 NY PJI 200 [1986 Supp]).
The fifth cause of action should also be dismissed. Although paragraph 54 of the complaint alleges an explicit agreement on the part of Fritzen and Bikoff to act as agents of both Albert G. Ruben, Inc. (hereafter AGR) and A&A, plaintiff’s briefs before us, as well as the affidavit of its officer submitted in opposition to defendant’s motion to dismiss, contradict the claim of an explicit relationship and make clear that plaintiffs claim is based solely upon the contention that as employ *970 ces of AGR Fritzen and Bikoff owed a fiduciary duty to plaintiff, a related corporation of AGR. Plaintiff is, therefore, as the Appellate Division held, without standing to sue for tortious interference with the employment relationship of Fritzen and Bikoff.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, with costs, in a memorandum.