■ CHRISTOPHER MANNING, Respondent, v ALLEN TURTEL, Defendant, and ALLAN SHAPIRO, Appellant.—In an action to recover damages for medical malpractice, the appeal is from an order of the Supreme Court, Nassau County (Balletta, J.), dated December 19, 1986, which denied the appellant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

This court previously found that the Supreme Court did not err in denying a motion by the defendant physicians for summary judgment brought on Statute of Limitations grounds *(Manning v Turtel,* 115 AD2d 712). In so concluding, we determined that there was an issue of fact as to whether the appellant was a member of a medical partnership with the defendant Turtel and was thus liable for the acts of the partnership *(Manning v Turtel, supra).* However, the complaint against Turtel was dismissed for lack of personal jurisdiction *(Manning v Turtel, supra).* The appellant brought the instant motion for summary judgment six months later. We disapprove of successive motions for summary judgment par-

ticularly where, as here, the motion is based on grounds and factual assertions which could have been raised in the first motion *(see, e.g., Curry v Nocket,* 104 AD2d 435, *lv denied* 64 NY2d 606; *Abramoff v Federal Ins. Co.,* 48 AD2d 676).

In any event, the denial of summary judgment was proper since the appellant failed to establish that the plaintiff's cause of action has no merit *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). The opposing affidavits establish that, in addition to the partnership issue, which has yet to be resolved, there exist triable issues as to whether the parties had a doctor-patient relationship, whether the continuous treatment doctrine applies so as to toll the Statute of Limitations and whether any injury was proximately caused by Dr. Turtel's recommendation that the plaintiff was fit to return to work in September 1981. Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.