■ JOSEPH A. LENCZYCKI, JR., Appellant, v SHEARSON LEHMAN HUTTON, INC., et al., Respondents. [656 NYS2d 609] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered December 7, 1995, directing a verdict in favor of defendants and awarding sanctions totaling $10,000 against plaintiff in favor of defendants Shearson and Lee, unanimously modified, on the law, to reinstate plaintiff's cause of action for conversion against defendant Alexander, and to remand the matter for further proceedings, and otherwise affirmed, without costs.

Plaintiff alleges that defendant Alexander, his ex-wife, and defendants Shearson and Lee, a money management firm and its employee, conspired to defraud him of funds invested in a money market account that he held jointly with Alexander and was maintained by Shearson. The trial court dismissed plaintiff's cause of action for conversion against Alexander, at the close of plaintiff's case, on the ground that funds held in a joint bank account are not sufficiently identifiable so as to be subject to a claim for conversion. This was error, it being recognized that the funds of a specific, named bank account, such as the one here, are sufficiently identifiable (*Republic of Haiti v Duvalier*, 211 AD2d 379, 384). Thus, to the extent that Alexander withdrew more than her one-half interest in the account, she is subject to suit by plaintiff for conversion of that excess (*see*, *Matter of Mullen*, 218 AD2d 50, 55; *Michaels v Michaels*, 69 NYS2d 668). However, plaintiff's claim against Shearson and Lee for aiding and abetting that conversion was properly dismissed in the absence of evidence that they knew of Alexander's intention to convert the funds (*cf.*, *Leve v Itoh & Co.*, 136 AD2d 477). The remaining claims against Shearson and Lee, to wit, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and breach of contract, were properly dismissed for lack of evidence that they had actual notice or knowledge of Alexander's diversion of her withdrawals from plaintiff; that they made any false statements, plaintiff conceding that they delivered accurate and timely monthly statements of the account to his home pursuant to his instruction; or that they did not use ordinary care in handling the account.

Indeed, the only evidence tending to connect Shearson and Lee to the alleged conspiracy being a handwritten statement by Alexander that plaintiff knew to be fraught with inaccuracies and unreliable, the sanctions against plaintiff for frivolous conduct were amply warranted. We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.