■ Doris Sokol et al., Respondents, v Thomas Addison, Defendant, and June Pelzer, Appellant. [742 NYS2d 311] —In an action, inter alia, to recover damages for fraud and breach of

fiduciary duty, the defendant June Pelzer appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated June 22, 2001, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

A cause of action to recover damages for fraud does not lie where, as here, the only fraud claimed relates to an alleged breach of contract (see Shah v Micro Connections, 286 AD2d 433; WIT Holding Corp. v Klein, 282 AD2d 527; Weitz v Smith, 231 AD2d 518). The claimed misrepresentations in this case were that money was loaned to the defendants with a promise that the money would be paid back. Such promises, at best, demonstrate a misrepresentation of an intention to perform under a contract, which are insufficient to allege fraud (see WIT Holding Corp. v Klein, supra; Place v Ginsburg, 280 AD2d 656).

There is no evidence to support the plaintiffs' cause of action to recover damages for breach of fiduciary duty. Even assuming that such a duty existed between the plaintiffs and the appellant, there is no evidence that the appellant had superior knowledge or that the plaintiffs reasonably relied upon the appellant's superior knowledge in deciding to loan money to the business run by the defendant Thomas Addison (see generally WIT Holding Corp. v Klein, supra).

New York does not recognize civil conspiracy to commit a tort as an independent cause of action (see Pappas v Passias, 271 AD2d 420). Since the fraud claim should have been dismissed, the conspiracy cause of action cannot stand alone. Similarly, in the absence of a valid breach of fiduciary duty claim, the cause of action for a constructive trust cannot stand (see Ellner v Pope, 285 AD2d 624). Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.