GERALDINE ROMANO et al., Appellants, v FRANCES ROMANO et al., Respondents. [767 NYS2d 841]—

In an action, inter alia, for a judgment declaring a certain note and mortgage void and to recover damages for fraud and legal malpractice, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (O'Connell, J.), dated July 23, 2002, which, among other things, denied their motion for partial summary judgment on

the first, second, and twelfth causes of action and granted the cross motion of the defendant Vincent Nicolosi for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion which were for summary judgment dismissing the tenth and eleventh causes of action against the defendant Vincent Nicolosi alleging legal malpractice and substituting therefor a provision denying those branches of the cross motion as premature; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the tenth and eleventh causes of action are reinstated against the defendant Vincent Nicolosi.

The Supreme Court properly denied the plaintiffs' motion for partial summary judgment in their favor on the ground that "[t]here has been no discovery of documents or depositions in this matter" and there was an insufficient basis in the record to grant the plaintiffs judgment as matter of law at this juncture (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Summary judgment dismissing the causes of action to recover damages for legal malpractice asserted against the defendant Vincent Nicolosi should have been denied as premature. Although the subject note and mortgage were executed in 1991, Geraldine Romano stated in an affidavit that Nicolosi retained those documents in his possession. The plaintiffs allege that Nicolosi committed legal malpractice when he released the note and mortgage executed by his client Geraldine Romano to the mortgagee in or after June 2000, within the three-year statute of limitations (see CPLR 214 [6]). The mortgage was not recorded until on or about August 15, 2000. A cause of action sounding in legal malpractice accrues upon the occurrence of "actionable injury" (McCoy v Feinman, 99 NY2d 295, 302 [2002]) which could only occur after Nicolosi released the documents (see Munoz v Wilson, 111 NY 295 [1888]). Nicolosi claims that he has "no knowledge as to how, when, where or why the note and mortgage were delivered" to the mortgagee, and there is no evidence in the record as to how, when, and by whom those documents were delivered.

However, the causes of action against Nicolosi sounding in fraud were properly dismissed for failure to state a cause of action against him. The plaintiff Geraldine Romano's assertion that she reasonably relied upon Nicolosi's alleged representation that she was executing a note and mortgage for the principal sum of $400,000 "for her protection" is without merit (see Cohen v Houseconnect Realty Corp., 289 AD2d 277, 278

[2001]). Similarly, the causes of action to recover damages for conspiracy to defraud were properly dismissed insofar as asserted against Nicolosi, since a cause of action sounding in civil conspiracy cannot stand alone, but stands or falls with the underlying tort (*see Sokol v Addison,* 293 AD2d 600, 601 [2002]). Ritter, J.P., Goldstein, Townes and Mastro, JJ., concur.