Gary B. FILLER and Lawrence Perlman, Trustees of the TRA Rights Trust, Appellants,

v.

HANVIT BANK, Shinhan Bank, and Chohung Bank, Appellees.

Janet Baker, James Baker, Jkbaker, LLC, and Jmbaker, LLC, Appellants,

v.

Hanvit Bank, Shinhan Bank, and Chohung Bank, Appellees.

Nos. 04–6295–CV, 04–6719–CV.

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

Gregory P. Joseph, New York, New York, for Gary B. Filler and Lawrence Perlman, Trustees of the TRA Rights Trust.

George R. Coe (David A. Barrett, Steven I. Froot, and Karen C. Dyer, on the brief), Boies, Schiller & Flexner LLP, New York, New York and Orlando, Florida, for Janet Baker, James Baker, JKBaker, LLC and JMBaker, LLC.

Steven M. Bierman (Alan M. Unger, Daniel A. McLaughlin, Catherine B. Winter, and Allen C. Kim, on the brief), Sidley Austin Brown & Wood LLP, New York, New York and Los Angeles, California for Hanvit Bank, now known as Woori Bank.

Thomas B. Kinzler (Alison L. MacGregor and Megan Brillault, on the brief), Kelley Drye & Warren, LLP, New York, New York, for Shinhan Bank.

Mark C. Dosker (Y. Anna Suh and Pierre H. Bergeron, on the brief), Squire, Sanders & Dempsey LLP, San Francisco, California and Cincinnati, Ohio, for Chohung Bank.

PRESENT: OAKES, STRAUB, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Gary B. Filler and Lawrence Perlman, trustees of the TRA Trust (the "Filler plaintiffs"), and Janet Baker, James Baker, JKBaker, LLC and JMBaker, LLC (the "Baker plaintiffs") appeal the dismissal of their respective complaints pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 9(b). We review a judgment of dismissal under Fed.R.Civ.P. 12(b)(6) *de novo, see Rombach v. Chang,* 355 F.3d 164, 169 (2d Cir.2004), "taking all well pleaded factual averments in the complaint as true and drawing all reasonable inferences in plaintiff's favor," *Wright v. Ernst & Young LLP,* 152 F.3d 169, 173 (2d Cir.1998). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

These cases arise out of a stock-for-stock merger by which plaintiffs transferred their shares in Dragon Systems, Inc. to Lernout & Hauspie Belgium ("L & H Belgium") in exchange for shares of L & H Belgium. Plaintiffs allege that they were defrauded in connection with these transactions by the three defendant banks, whose sham transactions with L & H Belgium's wholly owned subsidiary, Lernout & Hauspie Korea ("L & H Korea"), enabled L & H Belgium falsely to inflate its earnings and revenues. Specifically, plaintiffs allege that (1) each of the defendant banks conveyed material misinformation

about L & H Korea, in the form of false loan confirmations, to KPMG, L & H Belgium's outside auditor; (2) L & H Belgium issued consolidated financial statements that incorporated the financial results for L & H Korea; (3) L & H Belgium's fraudulently inflated financials were based on, and justified by, the information the defendant banks provided to KPMG; and (4) plaintiffs relied on L & H Belgium's financial statements, press releases, and assurances from KPMG when consummating the Dragon merger.

### 1. *Federal Securities Claim*

■ The Filler plaintiffs assert that the district court erred in dismissing their federal claims for securities fraud under Section 10(b) of the Securities Exchange Act of 1934, *see* 15 U.S.C. § 78j(b), and Rule 10b–5, *see* 17 C.F.R. § 240.10b–5.

To state a claim for relief under these provisions of federal law, the plaintiffs were required to plead that each of the Korean banks named as defendants "(1) made misstatements or omissions of material fact; (2) with scienter; (3) in connection with the purchase or sale of securities; (4) upon which plaintiffs relied; and (5) that plaintiffs' reliance was the proximate cause of their injury." *Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 172 (2d Cir. 2005). Pursuant to Fed.R.Civ.P. 9(b) plaintiffs were further required to plead the circumstances constituting fraud with particularity. *See Rombach v. Chang,* 355 F.3d at 170 (stating that under Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent" (internal quotation marks omitted)).

In light of these requirements, we conclude, as did the district court, that the Filler plaintiffs have failed adequately to plead a violation of federal securities laws

by the bank defendants. First, the Filler plaintiffs fail to plead facts indicating reliance on the defendant banks' allegedly false loan confirmations to KPMG. Despite four opportunities to amend their complaint, the Filler plaintiffs still fail to specify a confirmation made by each bank *prior* to June 7, 2000, the date on which the Dragon merger concluded.

Second, plaintiffs' federal claim fails because none of the alleged false statements relied upon by plaintiffs were attributed to any of the defendant banks. As the Supreme Court has made clear, Section 10(b) "does not itself reach those who aid and abet ... [but] prohibits only the making of a material misstatement (or omission) or the commission of a manipulative act." *Central Bank of Denver v. First Interstate Bank of Denver,* 511 U.S. 164, 177, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). Secondary actors, such as accountants, lawyers, or in this case, banks, may still be held liable as primary violators after *Central Bank,* but only "if *all* the requirements for primary liability are met, including a 'material misstatement (or omission) on which a purchaser or seller of securities relies.'" *Wright v. Ernst & Young, LLP,* 152 F.3d at 174 (citing *Central Bank,* 511 U.S. at 191, 114 S.Ct. 1439) (emphasis in original). Following *Central Bank,* this court adopted a "bright line" test for determining when secondary actors may be held primarily liable. *See id.* at 175, 114 S.Ct. 1439; *Shapiro v. Cantor,* 123 F.3d 717, 720 (2d Cir.1997). Under the "bright line" test, "a defendant must actually make a false or misleading statement in order to be held liable under Section 10(b)." *Shapiro v. Cantor,* 123 F.3d at 720. Moreover, "the misrepresentation must be attributed to [the defendant] at the time of the public dissemination, that is, in advance of the investment decision." *Wright v. Ernst & Young,* 152 F.3d at 175. " 'Anything short of such conduct is merely

aiding and abetting, and no matter how substantial that aid may be, it is not enough to trigger liability under Section 10(b).'" *Id.* (quoting *Shapiro v. Cantor,* 123 F.3d at 720).

Plaintiffs assert that they exchanged their stock shares in reliance on L & H Belgium's financial statements, L & H Belgium's earnings releases dated February 9, 2000, and May 9, 2000, and representations made to them by KPMG. None of these statements, however, mention the defendant banks, much less discuss their allegedly false loan confirmations. Accordingly, we must conclude, as the district court did, that plaintiffs failed to allege an actionable misrepresentation sufficient to state a claim for primary liability under Section 10(b).

To the extent plaintiffs point us to cases in which courts have attributed statements to defendants that were not made directly by them, we conclude that the cases are factually distinguishable, and thus inapposite. *See, e.g., Novak v. Kasaks,* 216 F.3d 300, 314 (2d Cir.2000) (attributing misrepresentations in analyst report about company to company and company's inside corporate officers); *In re Global Crossing Ltd. Sec. Litig.,* 322 F.Supp.2d 319, 333 (S.D.N.Y.2004) (attributing financial statements to accounting firm that played a critical role in their drafting, and where firm's involvement was well known to investors).

### 2. *Common Law Fraud Claims*

Both the Filler and Baker plaintiffs appeal the dismissal of their state common law fraud claims.

#### a. *Primary Fraud*

To prevail on a claim of common law fraud in New York, a plaintiff must show (1) a false representation of material fact, (2) an intent to defraud, and (3) reliance. *See Chanayil v. Gulati,* 169 F.3d 168, 171

(2d Cir.1999). Furthermore, plaintiffs' common law fraud claims are subject to the particularity requirements of Rule 9(b). *See Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York,* 375 F.3d 168, 187 (2d Cir.2004).

█ The district court dismissed plaintiffs' common law fraud claims, concluding that they suffered the same defect as the Section § 10(b) claim, *i.e.,* plaintiffs failed to identify any alleged misrepresentation occurring prior to June 7, 2000, the relevant date for purposes of reliance. *See Filler v. Hanvit Bank,* Nos. 01–9510, 02–8251, 2003 WL 22110773, at *2 (S.D.N.Y. Sept. 12, 2003). We agree. Plaintiffs' complaints fail to allege with particularity any misrepresentations made by any of the defendants prior to the consummation of the Dragon merger.

Additionally, while plaintiffs are correct that New York law, unlike federal securities law, does not require public attribution of the alleged false representation, plaintiffs "cannot claim reliance on alleged misrepresentations of which [they were] unaware." *Securities Inv. Protection Corp. v. BDO Seidman LLP,* 95 N.Y.2d 702, 710, 723 N.Y.S.2d 750, 755, 746 N.E.2d 1042 (2001) (rejecting plaintiff's claim of common law fraud where the omission on which plaintiff claimed reliance did not come from defendant, but rather from the NASD, which had a "significant role in choosing what information it wanted to receive, and in addition, what it deemed worthy of communicating"). Plaintiffs fail to allege that they knew of the loan confirmations that purportedly infected the L & H Belgium representations on which they relied. Thus, like the district court, we conclude that "[t]he connection between plaintiffs' acquisition of stock in L & H Belgium and the representations by defendants to auditors in Korea is too attenuated to support a claim of common law

fraud." *Filler v. Hanvit Bank*, 2003 WL 22110773, at \*2; *see Securities Inv. Protection Corp. v. BDO Seidman LLP*, 95 N.Y.2d at 711, 723 N.Y.S.2d at 756, 746 N.E.2d 1042 ("Where BDO's reports were filtered through the NASD's own process of evaluation, [plaintiff] cannot claim justifiable reliance on the filtered statements ... as representing either the sum or substance of BDO's representations.").

### b. *Aiding and Abetting Common Law Fraud*

To establish a claim of aiding and abetting fraud under New York law, plaintiffs must show (1) the existence of a fraud; (2) defendant's knowledge of the fraud; and (3) proof that the defendant provided substantial assistance to advance the fraud's commission. *See Wight v. BankAmerica Corp.*, 219 F.3d 79, 91 (2d Cir.2000) (citing *Fidelity Funding of California, Inc., v. Reinhold*, 79 F.Supp.2d 110, 122 (E.D.N.Y. 1997)). With respect to the knowledge requirement, New York courts require that the alleged aider and abettor have "actual knowledge" of the underlying fraud. *See Lenczycki v. Shearson Lehman Hutton, Inc.*, 238 A.D.2d 248, 656 N.Y.S.2d 609 (1st Dep't 1997). Further, the particularity requirements of Rule 9(b) apply to claims of aiding and abetting fraud no less than to direct fraud claims. *Wight v. BankAmerica Corp.*, 219 F.3d at 91.

█ The fraud purportedly aided and abetted in this case is L & H Belgium's misrepresentations in, *inter alia*, its audited financial statements and press releases. *See Filler v. Hanvit Bank*, 339 F.Supp.2d 553, 557–58 (S.D.N.Y.2004). As the district court correctly observed, plaintiffs have failed to plead with particularity defendants' aiding and abetting of that fraud. "The allegations of the complaint, if true, demonstrate that defendants aided and abetted L & H Korea in the falsification of

its revenues and knowingly transmitted false information to KPMG regarding L & H Korea's accounts." *Id.* at 557. It is "impossible to decipher" from the pleadings "the connection between defendants' agreements with L & H Korea, and the issuance of false financial statements by L & H Belgium." *Filler v. Hanvit Bank*, 247 F.Supp.2d 425, 431 (S.D.N.Y.2003), *vacated in part by* No. 01–9510, 2003 WL 21729978 (S.D.N.Y. July 25, 2003), *aff'd* 378 F.3d 213 (2d Cir.2004). Despite numerous opportunities to amend, this lack of clarity persists, so that one cannot discern from the complaints either the target of the alleged fraud or even defendants' knowledge of the alleged scheme to defraud. *See Filler v. Hanvit Bank*, 339 F.Supp.2d at 558. Accordingly, we affirm the dismissal of plaintiffs' aiding and abetting claims for lack of particularity.

### c. *Conspiracy to Defraud*

█ Finally, plaintiffs allege that defendants conspired with L & H Belgium through L & H Korea to inflate L & H Belgium's revenues and earnings. **[Filler A 868]** It is a well-settled "principle of New York law that no cause of action lies for civil conspiracy." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 591 (2d Cir.2005). However, "a conspiracy may be alleged 'for the purpose of showing that a wrong was committed jointly by the conspirators and that because of their common purpose and interest, the acts of one may be imputed to the others.'" *Id.* (quoting *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 123 (2d Cir.1981)); *Alexander & Alexander v. Fritzen*, 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546, 503 N.E.2d 102 (1986) ("Allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort.").

418

A claim of conspiracy "cannot stand alone" and must be dismissed if the underlying independent tort has not been adequately pleaded. *Romano v. Romano,* 2 A.D.3d 430, 432, 767 N.Y.S.2d 841, 842 (2d Dep't 2003) (holding that a conspiracy to defraud claim was properly dismissed when the underlying fraud claims were dismissed); *Sokol v. Addison,* 293 A.D.2d 600, 601, 742 N.Y.S.2d 311, 312 (2d Dep't 2002) (dismissing conspiracy to defraud claim because the underlying fraud claim was dismissed). As the plaintiffs' fraud claims were not sufficiently pleaded, the conspiracy to defraud claims must also fail.

We have considered all of plaintiffs' remaining arguments, and find them to be without merit. The judgment of the district court, entered on November 3, 2004, dismissing plaintiffs' complaints, is hereby AFFIRMED.