# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1252**
**CA 11-00917**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

LYMAN RICE, INC., DOING BUSINESS AS RICE
HOMES, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

ALBION MOBILE HOMES, INC., DOING BUSINESS AS
HERITAGE ESTATES, AND RICHARD DECARLO,
DEFENDANTS-RESPONDENTS.
------------------------------------------
HILLCREST HOMES, LLC, PROPOSED
INTERVENOR-APPELLANT.

---

CROPSEY & CROPSEY, ALBION (CONRAD F. CROPSEY OF COUNSEL), FOR
PLAINTIFF-APPELLANT AND PROPOSED INTERVENOR-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (JAMES W. KILEY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Orleans County (James
P. Punch, A.J.), entered July 27, 2010. The order, among other
things, granted defendants' cross motion to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter
alia, conversion, replevin and the violation of Real Property Law §
233 after defendants refused to allow plaintiff to remove a
manufactured home from defendants' manufactured home park without
first paying a security deposit. Supreme Court properly granted
defendants' cross motion to dismiss the complaint and for summary
judgment dismissing the complaint on the ground that plaintiff lacked
standing. To establish standing, a party must have an injury in fact,
i.e., "an actual legal stake in the matter being adjudicated" (*Society
of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772; *see New York
State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211-212). "A
plaintiff generally has standing only to assert claims on behalf of
[itself]" (*Caprer v Nussbaum*, 36 AD3d 176, 182). The record
establishes that plaintiff lacks standing because Hillcrest Homes, LLC
(Hillcrest) owns the manufactured home. Indeed, also before the court
was a motion by Hillcrest and plaintiff seeking, inter alia,
permission for Hillcrest to intervene in the action and for leave to
amend the caption to include Hillcrest as a plaintiff. Contrary to
plaintiff's contention, neither the proposed amended complaint nor the

affidavits submitted in support of that motion raise a triable issue whether plaintiff had standing.  Those submissions merely established that plaintiff is a company related to Hillcrest, a corporation, but that they remain distinct legal entities.  "[O]ne [company] will generally not have legal standing to exercise the rights of [an]other associated corporation[]" (*Alexander & Alexander of N.Y. v Fritzen*, 114 AD2d 814, 815, *affd* 68 NY2d 968).

We further conclude that the court did not abuse its discretion in denying the motion of plaintiff and Hillcrest seeking, inter alia, permission for Hillcrest to intervene in the action (*see* CPLR 1012 [a] [2]; 1013).  CPLR 1012 (a) (2) allows intervention as of right "when the representation of the [corporation's] interest by the parties is or may be inadequate and the [corporation] is or may be bound by the judgment."  "[W]hether [the proposed intervenor] will be bound by the judgment . . . is determined by its *res judicata* effect" (*Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon*, 61 NY2d 695, 698), and here the dismissal of plaintiff's complaint for lack of standing has no res judicata effect on Hillcrest (*see Matter of Citizens Organized to Protect the Envt. v Planning Bd. of Town of Irondequoit*, 50 AD3d 1460, 1461; *Kaczmarek v Shoffstall*, 119 AD2d 1001, 1002).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court