McSpedon v Levine (2018 NY Slip Op 00826)





McSpedon v Levine


2018 NY Slip Op 00826


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2015-03734
2015-04897
2016-04709
2016-04710
2016-04711
 (Index No. 61202/14)

[*1]John A. McSpedon, appellant, 
v
Linnea J. Levine, et al., respondents.


Joseph A. Maria, P.C., White Plains, NY (Edward A. Frey of counsel), for appellant.
Ryan Ryan Deluca, LLP, Elmsford, NY (Peter E. DeMartini and John Costa of counsel), for respondent Linnea J. Levine.
Stark & Stark, New York, NY (Scott I. Unger of counsel), for respondent John L. Farrell.
Keidel, Weldon & Cunningham, LLP, White Plains, NY (Robert J. Grande of counsel), for respondents David C. Erdos and Pamela A. Erdos.
Fixler & LaGattuta, LLP, New York, NY (Paul F. LaGattuta III of counsel), for respondent Nina E. Rumbold.
Bleakly, Platt & Schmidt, LLP, White Plains, NY (Susan E. Galvao and Justin Gardner of counsel), for respondents Vickie R. Pierce and Leslie J. Dagnall.



DECISION & ORDER
Appeals from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated April 2, 2015, (2) a judgment of that court dated April 10, 2015, (3) a judgment of that court dated April 17, 2015, (4) a judgment of that court, also dated April 17, 2015, and (5) a judgment of that court dated May 6, 2015. The order, insofar as appealed from, granted those branches of the separate motions of the defendants John L. Farrell and George J. Rozsa which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action sounding in fraud, conspiracy to commit fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty insofar as asserted against each of them, respectively. The judgment dated April 10, 2015, insofar as appealed from, upon the order, dismissed the causes of action sounding in conspiracy to commit fraud and aiding and abetting breach of fiduciary duty insofar as asserted against the defendants David C. Erdos and Pamela A. Erdos. The first judgment dated April 17, 2015, insofar as appealed from, upon the order, dismissed the causes of action sounding in conspiracy to commit fraud and aiding and abetting breach of fiduciary duty insofar as asserted against the defendants Vickie R. Pierce and Leslie J. Dagnall. The second judgment dated April 17, 2015, insofar as appealed from, upon the order, [*2]dismissed the causes of action sounding in fraud, conspiracy to commit fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty insofar as asserted against the defendant Linnea J. Levine. The judgment dated May 6, 2015, insofar as appealed from, upon the order, dismissed the causes of action sounding in conspiracy to commit fraud and aiding and abetting breach of fiduciary duty insofar as asserted against the defendant Nina E. Rumbold.
ORDERED that the order and the judgments are affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.
In 1976, the plaintiff's maternal grandfather created two trusts in Connecticut, one for each of his daughters, referred to as Trust A and Trust B. The plaintiff's mother, nonparty Diane McSpedon, is the income beneficiary of Trust A, and the plaintiff's aunt, the defendant Leslie J. Dagnall, is the income beneficiary of Trust B. Pursuant to the terms of each trust, in the event of the death of the income beneficiary, the remaining principal of the trust was to be inherited by the income beneficiary's children. In the event an income beneficiary died without children, the remaining principal of that trust was to flow into the other trust. Dagnall had no children. Thus, upon Dagnall's death, the remaining principal of Trust B was to flow into Trust A, and the plaintiff and his siblings would be considered contingent beneficiaries of Trust B. Dagnall, who considered her life's work to be her "child," wanted the remaining principal under Trust B to be used to fund a "foundation" related to her work, and unsuccessfully sought the consent of the plaintiff and his siblings to waive their contingent beneficiary interest in Trust B in order for her to achieve her goal. Dagnall then decided to adopt a colleague who shared her passion in her field of work, the defendant Vickie R. Pierce, as a way to achieve her goal of using Trust B to fund the subject foundation. The adult adoption was achieved. However, the plaintiff, along with his siblings and mother, challenged the adult adoption in Family Court, Westchester County, on the ground that it was fraudulent. The adult adoption ultimately was vacated upon Dagnall's consent, thereby returning the plaintiff's interests in the subject trusts to the status quo.
Nonetheless, the plaintiff commenced this action against Dagnall and Pierce, as well as the following defendants: John L. Farrell, a financial consultant who managed the money of the subject trusts; George J. Rozsa, an accountant who performed accounting services and acted as a strategic consultant for both trusts; Nina E. Rumbold, an attorney who represented Dagnall in the initial adult adoption proceeding; Linnea J. Levine, an attorney who provided legal services related to the trusts; and David C. Erdos and Pamela A. Erdos (hereinafter together the Erdos defendants), Connecticut attorneys who lived in Massachusetts and provided legal services to Dagnall in Connecticut related to her interests in the trust. The plaintiff alleged, among other things, that he was emotionally harmed and was caused to lose work-related income as a result of the defendants' "team approach" adult adoption scheme aimed to impair his contingent beneficiary interest in Trust B. The plaintiff alleged, inter alia, causes of action sounding in fraud and breach of fiduciary duty against the defendants Levine, Farrell, and Rozsa (hereinafter collectively the professional defendants), and conspiracy to commit fraud and aiding and abetting breach of fiduciary duty against all of the defendants. The defendants separately moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against each of them. The Supreme Court granted the defendants' motions pursuant to CPLR 3211(a)(7), declining to address the threshold issue of personal jurisdiction raised by some of the defendants. The plaintiff appeals.
Contrary to arguments raised by some of the defendants in their motions and in their briefs to this Court, the Supreme Court properly found that the plaintiff has standing to commence this action (see generally Caprer v Nussbaum, 36 AD3d 176).
While the Supreme Court correctly dismissed the amended complaint insofar as asserted against the Erdos defendants, it should have done so based on lack of personal jurisdiction pursuant to CPLR 3211(a)(8) (see Paterno v Lazer Spine Inst., 24 NY3d 370; Riblet Prods. Corp. v Nagy, 191 AD2d 626). The Erdos defendants lived in Massachusetts, conducted all of their business from their Connecticut office, and had insufficient contacts with New York to subject them to New York's long-arm jurisdiction (see CPLR 302; see generally America/International 1994 Venture v Mau, 146 AD3d 40).
With respect to the professional defendants, to recover damages for fraud, a plaintiff must prove (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages (see Swartz v Swartz, 145 AD3d 818; Ginsburg Dev. Cos., LLC v Carbone, 134 AD3d 890, 892; see also Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Pace v Raisman & Assoc., Esqs., LLP, 95 AD3d 1185; Ozelkan v Tyree Bros. Envtl. Servs., Inc., 29 AD3d 877, 878; Jablonski v Rapalje, 14 AD3d 484). " The true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong' or what is known as the out-of-pocket' rule" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 21, quoting Reno v Bull, 226 NY 546, 553).
Accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 88; Raach v SLSJET Mgt. Corp., 134 AD3d 792, 793), the plaintiff failed to allege facts sufficient to establish that he justifiably relied to his detriment upon a misrepresentation by any of the professional defendants (see Ideal Steel Supply Corp. v Anza, 63 AD3d 884; Jacobs v Haber, 232 AD2d 372), or that he sustained any recoverable pecuniary damages as a result of the professional defendants' alleged fraudulent conduct (see Jeffrey BB. v Cardinal McCloskey School & Home for Children, 257 AD2d 21; see also Howard S. v Lillian S., 62 AD3d 187, 193, affd 14 NY3d 431). Accordingly, the Supreme Court properly dismissed pursuant to CPLR 3211(a)(7) the cause of action sounding in fraud insofar as asserted against the professional defendants.
New York does not recognize civil conspiracy to commit a tort as an independent cause of action (see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969; Brackett v Griswold, 112 NY 454, 466-467; Blanco v Polano, 116 AD3d 892, 895-896; Dickinson v Igoni, 76 AD3d 943, 945). However, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort, and establish that those actions were part of a common scheme (see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d at 969; Blanco v Polano, 116 AD3d at 896). Under New York law, "[i]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement" (Perez v Lopez, 97 AD3d 558, 560; see 1766-68 Assoc., LP v City of New York, 91 AD3d 519, 520; Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474). Here, since the underlying tort of fraud was properly dismissed, the cause of action alleging civil conspiracy to commit fraud was also properly dismissed, since it stands or falls with the underlying tort (see Lee Dodge, Inc. v Sovereign Bank, NY, 148 AD3d 1007, 1009; Romano v Romano, 2 AD3d 430, 432; Sokol v Addison, 293 AD2d 600, 601).
In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct (see Stortini v Pollis, 138 AD3d 977, 978-979; Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659, 660; Rut v Young Adult Inst., Inc., 74 AD3d 776, 777; Daly v Kochanowicz, 67 AD3d 78, 95; Kurtzman v Bergstol, 40 AD3d 588, 590; Ozelkan v Tyree Bros. Envtl. Servs., Inc., 29 AD3d 877, 879). Accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 88; Raach v SLSJET Mgt. Corp., 134 AD3d at 793), the plaintiff failed to allege facts sufficient to establish that he sustained pecuniary damages as a result of the professional defendants' alleged breaches of their fiduciary duties (see Fownes Bros. & Co., Inc. v JPMorgan Chase & Co., 92 AD3d 582). Accordingly, the Supreme Court properly dismissed pursuant to CPLR 3211(a)(7) the cause of action sounding in breach of fiduciary duty insofar as asserted against the professional defendants.
As the cause of action to recover damages for breach of fiduciary duty was properly dismissed, the cause of action alleging aiding and abetting breach of fiduciary duty asserted against Rumbold, Pierce, Dagnall, and the professional defendants was also properly dismissed (see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 809).
Accordingly, the Supreme Court properly dismissed the stated causes of action insofar [*3]as asserted against each of the defendants.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court