Mohammad v Rehman (2025 NY Slip Op 01622)

Mohammad v Rehman

2025 NY Slip Op 01622

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-06022
 (Index No. 36055/19)

[*1]Majid Mohammad, plaintiff, 
v
Altaf Rehman, defendant, Amir Rehman, et al., defendants third-party plaintiffs-appellants; Azam Mohammed, et al., third-party defendants, Robert G. Delgrosso, third-party defendant-respondent.

Kluger Healey, LLC, New York, NY (David Ward of counsel), for defendants third-party plaintiffs-appellants.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for breach of certain loan agreements and a related third-party action, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated July 10, 2020. The order granted the motion of the third-party defendant Robert G. Delgrosso pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In October 2019, the plaintiff commenced this action against the defendants Rockland Wholesale & Distributors, Inc. (hereinafter Rockland), and Amir Rehman (hereinafter together the defendants), among others, to recover payment of two loans the plaintiff allegedly made to Rockland.
In January 2020, the defendants commenced a third-party action against attorney Robert G. Delgrosso, among others, asserting causes of action to recover damages for fraud, civil conspiracy, and a violation of Judiciary Law § 487 arising from, inter alia, Delgrosso's alleged fraudulent conduct in negotiating a settlement of a related prior action in New Jersey. In February 2020, Delgrosso moved pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint insofar as asserted against him. In an order dated July 10, 2020 the Supreme Court granted Delgrosso's motion. The defendants appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Weinstein v Levitin, 208 AD3d 531, 532 [internal quotation marks omitted]; see Clevenger v Yuzek, 222 AD3d 931, 934).
"A plaintiff asserting a cause of action alleging fraud must plead all of the following [*2]elements: (1) a material misrepresentation or a material omission of fact which was false and which the defendant knew to be false, (2) made for the purpose of inducing the plaintiff to rely upon it, (3) the plaintiff's justifiable reliance on the misrepresentation or material omission, and (4) injury" (Franklin D. Nastasi Trust v Bloomberg, L.P., 224 AD3d 804, 808 [internal quotation marks omitted]; see Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1043-1044). "A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). Here, even when liberally construing the allegations in the third-party complaint in the light most favorable to the defendants, the third-party complaint failed to state a cause of action to recover damages for fraud against Delgrosso. The third-party complaint failed to sufficiently allege that the defendants justifiably relied on the alleged misrepresentations and omissions by Delgrosso (see Franklin D. Nastasi Trust v Bloomberg, L.P., 224 AD3d at 808; Avery v WJM Dev. Corp., 197 AD3d 1141, 1144). Accordingly, the Supreme Court properly granted that branch of Delgrosso's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action in the third-party complaint alleging fraud insofar as asserted against him.
"New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (McSpedon v Levine, 158 AD3d 618, 621; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969). "However, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort, and establish that those actions were part of a common scheme" (McSpedon v Levine, 158 AD3d at 621; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d at 969). "In order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement" (Perez v Lopez, 97 AD3d 558, 560; see McSpedon v Levine, 158 AD3d at 621).
Since the third-party complaint failed to connect the actions of Delgrosso to a cognizable cause of action to recover damages for fraud, the Supreme Court properly granted that branch of Delgrosso's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action in the third-party complaint alleging civil conspiracy insofar as asserted against him (see Clevenger v Yuzek, 222 AD3d at 936).
"Under Judiciary Law § 487(1), an attorney who '[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party' is liable to the injured party for treble damages" (Altman v DiPreta, 204 AD3d 965, 968). "Relief pursuant to Judiciary Law § 487 is not lightly given, and requires a showing of egregious conduct or a chronic and extreme pattern of behavior on the part of the . . . attorney[ ]" (Kaufman v Moritt Hock & Hamroff, LLP, 192 AD3d 1092, 1093 [citation and internal quotation marks omitted]). Here, even when liberally construing the allegations in the third-party complaint in the light most favorable to the defendants, the allegations do not rise to the level of "egregious conduct or a chronic and extreme pattern of behavior" on the part of Delgrosso (id. [internal quotation marks omitted]). Therefore, the Supreme Court properly granted that branch of Delgrosso's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action in the third-party complaint alleging a violation of Judiciary Law § 487.
The defendants' request for leave to amend the third-party complaint is improperly raised for the first time on appeal (see Sternberg v Wiederman, 225 AD3d 820, 822; Brandenburg v St. Michael's Cemetery, 92 AD3d 631, 633).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court