CJS Indus. Inc. v Dolce (2025 NY Slip Op 05037)

CJS Indus. Inc. v Dolce

2025 NY Slip Op 05037

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Index No. 151385/23|Appeal No. 4698|Case No. 2024-03403|

[*1]CJS Industries Inc., Plaintiff-Appellant,
v
Ron Dolce, et al., Defendants-Respondents.

Brick Law PLLC, White Plains (Brian H. Brick of counsel), for appellant.
Cermele & Wood, LLP, White Plains (Mark Cermele of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered May 21, 2024, which, insofar as appealed from, granted defendants' motion to dismiss the first through third causes of action for conspiracy to commit fraud, aiding and abetting fraud, and respondeat superior, unanimously affirmed, without costs.
Plaintiff prevailed in an arbitration against RS Custom Woodworking. RS Custom Woodworking was the d/b/a of Dolce Custom Woodworking, Inc. Ron Dolce was its principal.
During the period between when the arbitrator made his initial award and modified, final award, defendants, with their attorney Mark Cermele of Cermele & Wood LLP, incorporated a new entity named RS Custom Woodworking, Inc.
After the final award was handed down, plaintiff's counsel searched the Secretary of State's entity database for RS Custom Woodworking. He found an entry for RS Custom Woodworking, Inc., and commenced a proceeding to confirm the award against that entity.
In its answer, RS Custom Woodworking, Inc. expressly and repeatedly asserted that it was not the entity that was a party to the arbitration, and that it had only been created after the arbitration hearing.
The arbitration award was confirmed below, but this Court reversed, as RS Custom Woodworking, Inc. did not exist at the time of the arbitration (see 211 AD3d 572, 573 [1st Dept 2022]).
Plaintiff then brought the instant action, alleging that defendants' incorporation of an entity with a nearly identical name, just before the final award was to be made, was a scheme to defraud plaintiff into suing the wrong party in the confirmation proceeding. It asserted claims for, inter alia, conspiracy to commit fraud, aiding and abetting fraud, and for vicarious liability against Cermele & Wood LLP for Cermele's actions.
The court dismissed these claims on the grounds that the role of the various defendants in the fraud were not pleaded with sufficient particularity as required by CPLR 3016 (ABKCO Indus. v Lennon, 52 AD2d 435, 441 [1st Dept 1976]).
Although the complaint lays out the alleged scheme sufficiently to put the parties on notice of the precise conduct of which they are accused, the complaint nonetheless fails to state the elements of a fraud claim. Those elements are: "[1] a material misrepresentation of a fact, [2] knowledge of its falsity, [3] an intent to induce reliance, [4] justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). A plaintiff must also plead that the fraud was the proximate cause of the claimed losses (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 151 AD3d 83, 86 [1st Dept 2017]).
The only misrepresentation to which plaintiff points is the entry in the Secretary of State's database. However, as defendants point out, that entry lists the date of RS Custom Woodworking, Inc.'s incorporation, October 5, 2020, indicating that it was not the same entity that entered into an agreement with plaintiff in 2018 or participated in an arbitration hearing in August 2020.
Plaintiff's allegations of scienter are also lacking. Plaintiff elides the fact that RS Custom Woodworking, Inc. immediately and expressly stated in its answer in the confirmation proceeding that it was not the entity against which the arbitration award had been granted.
Because plaintiff knew it had sued the wrong party almost immediately, but continued with the confirmation proceeding, it failed to plead proximate or loss causation.
Absent an underlying tort, the claims for conspiracy (Romano v Romano, 2 AD3d 430, 432 [2d Dept 2003]), aiding and abetting (Habberstad v Revere Sec. LLC, 183 AD3d 532, 533 [1st Dept 2020]), and vicarious liability (Moorhouse v Standard, N.Y., 124 AD3d 1, 12 [1st Dept 2014]), all fail. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025